IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS J. WILLIAMS,

      Plaintiff,                      No. CIV S-05-0164 DFL EFB P

      vs.

R. W. SANDHAM, et al.,

      Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

       Plaintiff is a prisoner, without counsel, suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. The matter is currently before the court on plaintiff's motion to file a supplemental complaint.

       The federal rule governing supplemental proceedings provides:

> Upon motion fo a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.

Fed. R. Civ. P. 15(d). The Local Rules provide that a supplemental pleading "shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading." Local Rule 15-220. Plaintiff's earlier complaint, filed January 26, 2005, alleges that between January 29, 2003, and the time he filed the complaint, the treatment provided by defendants Drs.

Sandham, Steen, Rohlfing and Mangis was constitutionally inadequate.  Plaintiff alleged that he required corneal transplant surgery and Murocel 1% eyedrops to eliminate dizziness, blurred vision and fainting.  Compl. at 7.  Plaintiff seeks to supplement the complaint with the following allegations: (1) on September 13, 2004, Dr. Steen prescribed Xalatan, and not Murocel 1%; (2) on November 5, 2004, and November 21, 2004, plaintiff complained that he was dizzy and had a headache, and that the medication was not helping; (3) on December 6, 2004, Dr. Steen did nothing for plaintiff other than to prescribe Xalatan; (4) on May 16, 2005, plaintiff complained of increased dizziness, a nurse noted that one side effect of the eyedrops was dizziness, but the medications were not changed; (5) on June 7, 2005, plaintiff's dizziness caused him to fall and hit his head; (6) on June 13, 2005, plaintiff told Dr. Steen that the medications might cause dizziness, and Dr. Steen recommended that plaintiff return to U.C. Davis for additional testing; (7) on August 1, 2005, a dizzy spell caused plaintiff to fall and hit his head again, and when he reported this to a physician (who is not a defendant), the physician ordered blood tests.  Based on these allegations, plaintiff claims that defendants were deliberately indifferent to his serious medical needs.

The allegations of events occurring on September 13, 2004, November 5, 2004, November 21, 2004, and December 6, 2004, are not properly presented in a "supplemental" complaint because they occurred before plaintiff signed and filed his January 26, 2005, complaint.  With respect to the events plaintiff alleges occurred after he filed the complaint, the court should not entertain them because plaintiff did not comply with Local Rule 15-220.  He did not replead all of his claims such that the court could entertain that pleading independently of the January 26, 2005, pleading.

Accordingly, it is hereby RECOMMENDED that plaintiff's April 10, 2006, motion to supplement the complaint be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after

being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 20, 2007.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE