IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS J. WILLIAMS,

    Plaintiff,                           No. CIV S-05-0164 DFL EFB P

    vs.

R. W. SANDHAM, et al.,

    Defendants.                  <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On February 23, 2007, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the court adopts the findings and recommendations as to plaintiff's claim that defendants violated his Eighth Amendment rights by denying him a corneal transplant. As to this claim, the court

1

finds the findings and recommendations to be supported by the record and by proper analysis.

For the following reasons, the court declines to adopt the findings and recommendations as to plaintiff's claim that defendants violated his Eighth Amendment rights by denying him the Muracel 1% eye drops.

First, plaintiff states that he had complained to defendants that he began to suffer from headaches and dizziness only after defendants prescribed him Muracel 0.5%. Plaintiff states he always used Muracel 1% before he was transferred to Concoran State Prison.

Second, plaintiff has provided evidence that suggests defendants were aware that Muracel 0.5% was inadequate. Defendants took plaintiff to see an eye specialist, who prescribed plaintiff eye drops even stronger than Muracel 1%: Muracel 1.28%. A reasonable jury may conclude that Dr. Rohlfing, Dr. Steen, and Dr. Mangis, plaintiff's treating physicians, knew of the eye specialist's finding because it was in plaintiff's medical file. A reasonable jury may conclude that Dr. Sandham, the chief medical officer, knew of the finding because plaintiff claimed in his prison administrative appeal that his treating physicians were not giving him the eye drops the specialist prescribed, and Dr. Sandham reviewed that appeal.

Finally, plaintiff has proivded evidence that Dr. Rohlfing may have intentionally denied plaintiff the requisite strength eye drops. According to plaintiff, Dr. Rohlfing told plaintiff that he could not dispense Muracel 1% because the prison pharmacy did not keep it in stock. But plaintiff has provided evidence that Dr. Rohlfing could have obtained the eye drops from an outside pharmacy and that Dr. Rohlfing denied a request to do so.

Plaintiff's showing is sufficient to raise a genuine dispute of material fact regarding whether defendants were deliberately indifferent to his medical needs when they prescribed him less potent eye drops.

The court also finds that plaintiff attempts to state a § 1983 claim based on Dr. Mangis's and Dr. Sandham's allegedly improper handling and disposition of his case during the prison appeals process. The magistrate judge did not address this claim in the findings and

2

recommendations. Plaintiff, however, cannot challenge the processing of his prison administrative appeal under § 1983 because "inmates lack a separate constitutional entitlement to a specific inmate grievance procedure." <u>Ramirez v. Galazau</u>, 334 F.3d 850, 860 (9th Cir. 2003). Therefore, the court grants defendants summary judgment as to plaintiff's § 1983 claim challenging the resolution of his case during the prison appeals process.

Accordingly, IT IS HEREBY ORDERED that:

1 The findings and recommendations filed February 23, 2007, are adopted as to plaintiff's claim that defendants violated his Eighth Amendment rights by denying him a corneal transplant;

2. The June 23, 2006 motion for summary judgment filed by Drs. Mangis, Sandham, and Rohlfing is granted as to: (1) plaintiff's claim that defendants violated his Eighth Amendment rights by denying him a corneal transplant; and (2) plaintiff's claim that Drs. Mangis and Sandham mishandled his prison administrative appeal;

3. The June 21, 2006, motion for summary judgment filed by defendant Dr. Steen is granted as to plaintiff's claim that defendants violated his Eighth Amendment rights by denying him a corneal transplant;

4. Defendants' motions for summary judgment are denied as to plaintiff's claim that defendants violated his Eighth Amendment rights by denying him Muracel 1%.

5. Plaintiff's cross-motion for summary judgment is denied.

DATED: March 28, 2007

/s/ David F. Levi

UNITED STATES DISTRICT JUDGE