IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS J. WILLIAMS,

    Plaintiff,                    No. CIV S-05-0164 JAM EFB P

vs.

R. W. SANDHAM, et al.,

    Defendants.              <u>ORDER</u>

                              /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The only claim remaining in this action is whether defendants were deliberately indifferent by denying plaintiff a particular medication for his eye condition, i.e., Muracel 1% eye drops. Currently pending is defendant Rohlfing's motion to withdraw admissions. For the reasons explained below, defendant's motion is granted.

**I.    Facts**

       Plaintiff served requests for admissions on defendant Rohlfing. Plaintiff's third request states, "[a]dmit that J. Rohlfing, M.D. denied the non-formulary request for the Muracel 1% on March 26, 2003." Dckt. 109, Stringer Declaration, Exhibit A (hereafter "Stringer Dec. Ex. A"), at 3. Defendant admitted this fact. *Id.* Plaintiff's fourth request stated, "[a]dmit that J. Rohlfing, M.D. continued to order the Muracel 1% after he denied the non-formulary request." *Id.*

Defendant also admitted this fact. The significance of these admissions was apparent in the papers filed in regard to defendant's summary judgment motion.

Defendant moved for summary judgment on the issue of whether a reasonable jury could find deliberate indifference to plaintiff's medical condition and specifically his need for drops to treat his eyes. In his opposition to defendants' motion for summary judgment, plaintiff submitted Rohlfing's answers to interrogatories which state that he lacked the experience to know, for therapeutic purposes, the difference between Muracel 1% and Muracel .5%. Records that Rohlfing submitted in support of his motion for summary judgment show that he prescribed the 1% solution on March 12, 2003, April 22, 2003, August 5, 2003, September 8, 2003, and September 22, 2003. Def. Rohlfing's Mot. for Summ. J., Ex. C, at 2-5, 9, 11, 13, 14. On April 22, 2003, Rohlfing noted "nonformulary filled out." *Id*. at 4. On August 27, 2003, he ordered a 0.5 % solution instead of the 1% solution. Mot. for Summ. J., Ex. C, at 10. On September 8, 2003, he noted that plaintiff had been receiving Murocel 0.5% solution and that plaintiff reported the 1% worked better. *Id.* at 11. Dr. Rohlfing "discussed this with the pharmacist who said he cannot get the 1%. The most his wholesaler has is 0.5%." *Id.* Therefore, although Rohlfing prescribed the 1% solution, he said that the 0.5% could be given if the other was unavailable. *Id.* Again, on September 22, 2003, defendant noted that plaintiff reported that the "½ % Murocel is not as good as the 1% although the 1%, according to pharmacy, cannot be obtained here." *Id.* at 13. He further noted, "[i]t can possibly be obtained at other institutions, there is no indication that it is necessary." *Id.*

On summary judgment, the district judge found that there was evidence that Dr. Rohlfing denied a request to obtain the eye drops from an outside pharmacy. The district judge further found that:

> [P]laintiff has provided evidence that Dr. Rohlfing may have intentionally denied plaintiff the requisite strength eye drops. According to plaintiff, Dr. Rohlfing told plaintiff that he could not dispense Muracel 1% because the prison pharmacy did

////

2

> not keep it in stock. But plaintiff has provided evidence that Dr. Rohlfing could
> have obtained the eye drops from an outside pharmacy and that Dr. Rohlfing denied
> a request to do so.

March 29, 2007, Order at 2:16-20. Thus, whether Rohlfing denied a request to obtain the 1% solution from an outside pharmacy will be a key issue at trial and the admission in question have relevance..

## II. Standards

Rule 36 of the Federal Rules of Civil Procedure prescribes when an admission may be withdrawn:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed. R. Civ. P. 36(b). The Ninth Circuit's articulation of this standard is that,

> before an admission may be withdrawn: (1) presentation of the merits of the
> action must be subserved, and (2) the party who obtained the admission must not
> be prejudiced by the withdrawal.

*Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). The first part of the test "is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Id.* at 1348. The second part is satisfied when the party who would benefit from the admission would face difficulty in proving his case, as by the unavailability of witnesses because of a sudden need to obtain evidence with respect to the matter previously deemed admitted. *Id.*. The court considers these factors in turn.

## III. Analysis

### A. Presentation of the Merits

Under this prong of the test, an admission may be withdrawn if, as a practical matter, there would be no need to present the merits of the case if the admission were to remain on record. The issue for trial here is whether Rohlfing knew, or inferred from the circumstances,

3

that plaintiff needed Murocel 1%, but denied plaintiff's request for it. Dr. Rohlfing's response to plaintiff's requests admitted that he "denied the non-formulary request for [] Muracel 1% on March 26, 2003." This admission is highly relevant to whether defendant did what he could to treat plaintiff's condition.

In moving to withdraw the admission, Rohlfing asserts that it is inaccurate because he lacked authority to deny a request for a non-formulary medication. He asserts that only the Chief Physician and Surgeon or the Chief Medical Officer had this authority. There is no documentary evidence in the record showing what defendant did, if anything, with respect to plaintiff's care on March 23, 2003. There is evidence, however, that defendant Rohlfing requested others to obtain the non-formulary medication after that date. On April 22, 2003, Rohlfing completed a "non-formulary" request and discussed the matter with officials from the pharmacy, who informed him that the 1% solution was not available from the wholesaler. He repeatedly prescribed the 1% solution after March 32, 2003, and noted that the 0.5% solution did not seem to help plaintiff as much as the 1%. In August he discussed the matter with the pharmacist and in September he again prescribed the 1% solution, noting that if only the 0.5% were available, that would have to do. Thus, despite the admission, it is not at all clear that Dr. Rohlfing himself denied a non-formulary request on March 26, 2003. Permitting the admission to stand would seriously hinder the exploration of an important aspect of liability, i.e., Rohlfing's authority to obtain medication plaintiff allegedly needed, which is essential not only to plaintiff's case, but also to Rohlfing's defense. For these reasons, the court finds that the first prong of the test for withdrawing the admission is satisfied.

**B. Prejudice**

Under this part of the test, the question is whether permitting withdrawal would make it difficult to prove his case in some manner that is unfair to him, such as an unexpected need to obtain evidence to prove what the admission essentially proved alone. In opposing defendant's motion, plaintiff has not explained what other evidence he would have to obtain in order to prove

4

Rohlfing's alleged March 23 denial. If plaintiff has documentary evidence of the March 23, 2008, denial he can call Rohlfing as a witness and ask whether he denied the request. If Rohlfing says he did not and plaintiff has documentary evidence to the contrary, he can impeach Rohlfing with it. Thus far plaintiff has not alleged that a nurse or other medical staff was present during plaintiff's appointments with Rohlfing. Therefore, it is not likely that there are other witnesses to these events. In short, plaintiff has not shown any prejudice other than the loss of an opportunity to take advantage of what appears to be a mistake in answering the discovery request. That does not constitute legal prejudice. For these reasons, the court finds that this prong of the test also is satisfied.

**C. Rule 16(e)**

Before trial, the court may hold a pretrial conference in order to plan for trial and to facilitate the admission of evidence. Fed. R. Civ. P. 16(e). Following the conference, the court generally issues an order that may be modified "only to prevent manifest injustice." *Id.* Here, no final pretrial conference has been held. Therefore, the court has not made an order pursuant to Rule 16(e). Thus, the finality of a pretrial order and the conditions under which the court may modify it do not bear on defendant Rohlfing's motion to withdraw his admission.

**IV. Conclusion**

For the reasons explained, the court finds that defendant Rohlfing must be permitted to withdraw his admission that on March 23, 2003, he denied plaintiff's request for Murocel 1% solution.

Accordingly, it is ORDERED that:

1. Defendant's February 20, 2008, motion to withdraw admissions is granted and that defendant is permitted to withdraw the following:

a. His entire response to plaintiff's third request for admission; and,

////

////

5

b. The portion of his response to plaintiff's fourth request for admission referring to his denial of plaintiff's request for a non-formulary medication.

Dated: March 11, 2009.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE