IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS J. WILLIAMS,

        Plaintiff,                    No. CIV S-05-0164 JAM EFB P

    vs.

R. W. SANDHAM, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

/

      Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. On June 21, 2006, defendant Steen filed a motion for summary judgment. Dckt. No. 53. That motion was granted, in part, and denied, in part, in an order dated March 29, 2007. The order denied the motion as to plaintiff's claim that defendant Steen violated his Eighth Amendment rights by denying him Muracel 1%. Dckt. No. 103. Defendant Steen has now filed a Motion for Leave to File a Renewed Motion for Summary Judgment, as well as the renewed motion itself. Dckt. No. 114. The motion concerns the single claim surviving the first motion for summary judgment – plaintiff's claim regarding the Muracel 1%. Plaintiff seeks an extension of time to file an opposition to the renewed summary judgment motion.

////

1

Because the court has already ruled on defendant Steen's request for summary judgment of the Muracel 1% claim, the court construes his motion for leave to file a renewed motion as a motion for reconsideration of the court's March 29, 2007 order under Local Rule 230(j). That rule provides:

> Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:
>
> (1) when and to what Judge or Magistrate Judge the prior motion was made;
>
> (2) what ruling, decision, or order was made thereon;
>
> (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
>
> (4) why the facts or circumstances were not shown at the time of the prior motion.

According to defendant Steen, the "renewed" motion for summary judgment is proper because, "[p]rior to the opposition to the motion for summary judgment, Plaintiff had not alleged that the difference in eye drops caused any problems," and, therefore, defendant Steen did not have an opportunity to obtain evidence on that claim (in the form of an ophthalmology report from a Dr. Fung) in connection with the original summary judgment motion. Def. Steen's Renewed Mot. for Summ. J., Dckt. No. 114, at 3. The court has reviewed plaintiff's complaint. The complaint, contrary to defendant Steen's allegations, clearly alleges that plaintiff suffered adverse symptoms due to defendant Steen's failure to prescribe Muracel 1% eye drops, because the other eye drops that were prescribed were not strong enough or were otherwise ineffective. Pl.'s Compl., Dckt. No. 1, at ¶¶ 7-8, 12, 18-19, 27. Defendant Steen had notice of the allegations against him concerning the Muracel 1% drops well before his original motion for summary judgment and sufficient opportunity to marshal evidence in support of that motion. As defendant Steen has not presented grounds justifying reconsideration of the court's order denying summary

judgment on the Muracel 1% claim, his request for leave to file a renewed motion, construed as a request for reconsideration, must be denied. Consequently, plaintiff's request for an extension of time to respond to the renewed summary judgment motion is moot.

Accordingly, IT IS RECOMMENDED that:

1. Defendant Steen's April 21, 2010 "Motion to Amend Pretrial Scheduling Order and for Leave to File a Renewed Motion for Summary Judgment" (Dckt. No. 114) be construed as a request for reconsideration of this court's March 29, 2007 order denying summary judgment of plaintiff's claim that defendant Steen violated his Eighth Amendment rights by denying him Muracel 1%, and, so construed, be denied;

2. Defendant Steen's April 21, 2010 "Renewed Motion for Summary Judgment" (also contained in Dckt. No. 114) be stricken;

3. Plaintiff's May 13, 2010 "Motion for 30 or 60 Day Extension of Time" (Dckt. No. 116) be denied as moot;

4. Plaintiff be directed to file and serve his pretrial statement and any motions necessary to obtain the attendance of witnesses at trial within thirty days of any order adopting this recommendation; and,

5. Defendants be directed to file their pretrial statement not later than thirty days after the filing of plaintiff's statement.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

////

////

3

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 12, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE